NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LATANYA SPRIGGS,<br><br>                    Plaintiff,<br>v.<br><br>MERCEDES-BENZ USA, LLC,,<br><br>                    Defendant. | Civil Action No. 12-6500(WJM)<br><br>OPINION |

FALK, U.S.M.J.

This matter comes before the Court upon the motion of Defendant, Mercedes-Benz USA, LLC, to transfer venue to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a). (Docket Entry No. 7.) The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, Defendant's motion is **granted**.

BACKGROUND

Plaintiff, Latanya Spriggs ("plaintiff"), is a citizen and resident of Georgia. (Compl. ¶ 1.) Defendant, Mercedes Benz USA, LLC ("Defendant" or "MBUSA"), is a limited liability company, authorized to conduct business in Georgia, with its principal place of business in Montvale, New Jersey. (Compl. ¶ 2.) This is an action for

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and 42 U.S.C. § 1981.

MBUSA is a nationwide organization that is responsible for the marketing and distribution of Mercedes-Benz products in the United States. (Declaration of Richard Whitmore "Whitmore Decl." ¶ 2.) MBUSA operates various vehicle processing centers throughout the United States, including a vehicle processing center in Brunswick, Georgia ("VPC Brunswick").[1] On January 4, 2010, Plaintiff began her employment with VPC Brunswick as a Parts Person. (Compl. ¶ 4; Whitmore Decl. ¶ 7.)[2] Plaintiff was supervised by VPC Brunswick's Operations Supervisor, Richard Gerhart, and its Foreman, Charles Taylor III. (Whitmore Decl. ¶ 8.) During the period April 2010 through November 2010, Gerhart, Taylor, and Rick Whitmore, VPC Brunswick's Department Manager,[3] were notified of various alleged deficiencies in Plaintiff's performance. (Whitmore Decl. ¶ 8.) According to Defendant, Plaintiff was terminated on November 23, 2010, because of these alleged deficiencies. (Whitmore Decl. ¶ 10.)

Plaintiff filed suit on October 15, 2012, alleging violation of Title VII and 42 U.S.C. § 1981. Among other things, Plaintiff alleges that her supervisors at VPC Brunswick treated her in a discriminatory manner and subjected her to harassment, insults, and false accusations due to her race. (Compl. ¶¶ 15-18.) On December 17, 2012, Defendant filed an Answer and a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Arguing that the case has no connection to New Jersey, Defendant points out that the events giving rise to Plaintiff's claims occurred in Georgia, that Plaintiff resides in Georgia, and that many of the witnesses and documents are located in the state. (Def.'s

---

[1] VPC Brunswick is located in the Southern District of Georgia. (Defendant's Brief in Support of Transfer ("Def.'s Br.") 1.)

[2] Plaintiff was hired by MBUSA in 1999 as a Mechanical Helper at its vehicle processing center in Belcamp, Maryland. In 2009, Plaintiff requested and was granted a lateral transfer to VPC Brunswick where she became employed as a Parts Person. (Whitmore Decl. ¶¶ 6-7.)

[3] Rick Whitmore is the VPC Brunswick Manager. (Whitmore Decl. ¶ 14.)

Br. 1.)

Conceding that venue would be proper in the Southern District of Georgia, Plaintiff contends that neither the convenience of the witnesses nor the location of the books and records warrants transfer. (Plaintiff's Brief in Opposition ("Pl.'s Br.") 4-8 .) Despite acknowledging that the alleged wrongful acts occurred in Georgia, Plaintiff maintains that New Jersey has a greater interest in the disposition of this case because MBUSA's corporate office, which is located in New Jersey, oversaw and set employment policies for VPC Brunswick.  ( Pl.'s Br. 10.)

## DISCUSSION

### A.  Transfer of Venue Pursuant to § 1404(a)

Section 1404(a) confers federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice" and serves "the convenience of parties and witnesses." 28 U.S.C. § 1404(a).  The decision to transfer a case under § 1404(a) rests within the sound discretion of a district court. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973); Cadapult Graphic Sys., Inc.v. Tektronix, Inc., 98 F.Supp. 2d 560, 564 (D.N.J. 2000).  The purpose of section 1404(a) "is to prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expenses....'" Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 479 (D.N.J. 1993)(quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)).  The moving party bears the burden of establishing (1) that the proposed transferee forum is one in which the case "might have been brought," and (2) that, in the interest of justice, the proposed transferee forum is more convenient for the parties and witnesses.  See CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc., 309 F. Supp. 2d 637, 643 (D.N.J. 2004)(citations omitted).

### B.  Adequate Transferee Forum

The venue statute limits transfer to a district or division "where [the case] may have been brought." 28 U.S.C. § 1404(a).  An action may be transferred to another district

only if that district would be proper venue for the action and that forum is capable of asserting subject matter jurisdiction over the claims and in personam jurisdiction over the defendants. See Yang v. Odom, 409 F. Supp. 2d 599, 604 (D.N.J. 2006).

This case could have been brought in the Southern District of Georgia.  Plaintiff is a resident of Georgia.  The alleged unlawful employment practice–racially discriminatory conduct by Plaintiff's supervisors–occurred at VPC Brunswick in Georgia. See 42 U.S.C. § 2000e-5(f)(3).  Files and records relating to Plaintiff, including her personnel file and notes regarding her complaints, are located in Georgia. See id.; (Whitmore Decl. ¶ 11.)  Thus, a substantial part of the events giving rise to the claim occurred in Georgia and venue would be proper there.  See 28 U.S.C. § 1391(b)(2).  Finally, because MBUSA moves to transfer this case to Georgia, it has consented to the venue and jurisdiction in that district.

**C.  Balance of Interests**

The transfer statute identifies certain criteria for a court to consider: convenience of parties, convenience of witnesses, and the interests of justice. 28 U.S.C. § 1404(a). The Third Circuit articulated a more comprehensive list of public and private concerns implicated by § 1404(a). Private concerns include but are not limited to: (1) plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of their financial and physical condition; (5) availability of witnesses in each of the fora; and (6) the location of books and records. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995).

Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. Id.  Thus, courts consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum."  Id.; see Clark v. Burger King Corp., 255 F.Supp.2d 334, 337 (D.N.J.

2003).  As a result, the "analysis is flexible and must be made on the unique facts of each case."  Calkins v. Dollarland, Inc., 117 F. Supp.2d 421, 428 (D.N.J. 2000).

### 1.    **Private Factors**

**(i)** *Choice of Forum*

A plaintiff's initial choice of venue is entitled to due consideration. Shutte v. Armco Stell Co., 431 F.2d 22, 24 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971) (citation omitted.)  This is particularly true when the plaintiff selects his home forum. Sandvik, Inc. v. Continental Ins. Co., 724 F.Supp. 303, 307 (D.N.J. 1987)(quoting Piper Aircraft Co. v. Reyno, 545 U.S. 235, 255 (1981)).  However, a plaintiff's choice merits less weight when a plaintiff initiates suit in a foreign forum. See Ricoh Co. v. Honeywill, Inc., 817 F.Supp. 473, 480 (D.N.J. 1993).  Courts also give less weight to a plaintiff's forum preference when it chooses a forum that has little connection to the facts of a case. See Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998); Honeywell, 817 F. Supp. at 481-482; Amer. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990) (citations omitted). Plaintiff is a resident of Georgia.  Her decision to bring suit in New Jersey is not entitled to substantial deference.  For one thing, Plaintiff has not selected her home forum.  For another, the events giving rise to her claim largely occurred in Georgia.

**(ii)** *Where the Claim Arose*

"As a general rule, the preferred forum is that which is the center of gravity of the accused activity."  NCR Credit Corp. v. Ye Seekers Horizon, Inc.  17 F. Supp. 2d 317, 321 (D.N.J. 1998); see Van Cauwenberghe v. Biard, 486 U.S. 517 (1988)( a court determines the origin of a claim by looking to the "locus of the alleged culpable conduct") Plaintiff's claim arose in Georgia.  The case has little, if any, connection to New Jersey.

Nearly all of the operative facts occurred in Georgia.  Indeed, the thrust of Plaintiff's complaint is that her supervisors at VPC Brunswick treated her differently due

to her race. The alleged acts of racial discrimination–insults, harassment, false accusations– were supposedly committed by employees at VPC Brunswick.  Thus, Georgia is the locus of the alleged culpable conduct.

Plaintiff nevertheless maintains that this case is connected to this district because MBUSA's corporate office is in New Jersey.   Specifically, Plaintiff speculates, at this early stage of the case, that MBUSA's corporate office issues employment policies and procedures for all of its facilities, including VPC Brunswick.  (Plaintiff's Brief in Opposition ("Pl.'s Br.") 6-7.)  Plaintiff makes these conclusory allegations without any citation to the record other than her own Complaint.  (Defendant's Reply Brief ("Def.'s Reply") 3, n. 7.)  In contrast, Defendant states that VPC Brunswick independently maintains and manages its own workforce. (Whitmore Decl. ¶ 4.)

What policies and procedures are set at a national level is a factual dispute that goes beyond the scope of a proper transfer analysis.  The crux of Plaintiff's complaint focuses on individual acts of discrimination that occurred in Georgia.  Plaintiff is free, during the progression of the case, to argue about MBUSA's national policy and procedures.  However, that argument standing alone does not transform the balance of the Complaint from a Georgia based controversy to a New Jersey controversy.

Moreover, for the limited purpose of assessing transfer, courts in employment cases alleging national policy issues generally favor proceeding in the forum where the actual events occurred, rather than a forum where the defendant maintains a headquarters.  See Newhall v. Chase Home Finance LLC, No. 10-2749, 2010 WL 4387517, *4 (D.N.J. Oct. 28, 2010)(in action under Fair Labor Standards Act, court rejected plaintiff's argument that claim arose in New Jersey where defendant maintained headquarters from which it issued a nation-wide pay structure, finding that the claim arose in Florida where plaintiff worked); see also Ring v. Roto-Rooter Servs. Co., No. 10-179, 2010 WL 3825390, at *5 (S.D. Ohio Sept. 28, 2010)(declining to find that action arose in forum where defendant maintains corporate headquarters under Title VII venue statute on basis of unsubstantiated speculation of nationwide policy).  Thus, for purposes of this transfer

motion, the claim arose in Georgia.[4]

### (iii) *Convenience of the Parties*

All considerations suggest Georgia is the most convenient forum.  VPC Brunswick, the place where plaintiff worked, is located in Georgia. Plaintiff is a resident of Georgia.  Plaintiff's willingness to travel to New Jersey to litigate this case speaks only to her venue choice, and does not change the fact that trial would be more convenient for the parties and most witnesses in Georgia.  See Santi v. Nat'l Business Records Management, LLC, 722 F. Supp. 2d 602, 608 (D.N.J. 2010)(courts look to the relative physical and financial condition of parties in evaluating convenience).

### (iv) *Availability of Witnesses and Access to Sources of Proof*

a. *Convenience of witnesses and access to sources of proof*

Convenience of witnesses and access to sources of proof are important considerations in the 1404(a) analysis.  See Teleconference Sys. v. Proctor & Gamble Pharm., Inc., 676 F. Supp. 2d 321, 331 (D.Del. 2009).  In deciding a motion to transfer, courts often distinguish between party and non-party witnesses. See Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F. Supp. 324, 329 (D.N.J. 1995) (citations omitted).  Party witnesses carry less weight because they are presumed as willing to testify in either forum, even if it may be inconvenient. See Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 534 n.19 (D.N.J. 2000).  Non-party witnesses, on the other hand, may be compelled to attend only by the subpoena power of federal courts. See Fed. R. Civ. P. 45(b)(2) (limiting the federal subpoena power to within 100 miles of the

---

[4]Plaintiff also contends that New Jersey is appropriate because Defendant's corporate office "likely" maintains a central database from which it posts job openings on an "intranet." (Pl. Br. 6-7.)  Plaintiff also maintains that MBUSA's corporate office administered a survey wherein Plaintiff complained about racial discrimination by VPC Brunswick management, the results of which were "reported back to MBUSA's corporate office in New Jersey." (Id.) Without commenting on the merits of these claims, the Court again notes that the crux of Plaintiff's Complaint is primarily focused on the day-to-day acts of alleged discrimination by VPC Brunswick employees which are the more operative facts for purposes of determining where the claim arose.

courthouse).

Defendant has demonstrated that Georgia would be the more convenient forum. Plaintiff and her husband, a VPC Brunswick employee, reside in Georgia. (Whitmore Decl. ¶ 15.)  Two of the three witnesses identified in Plaintiff's complaint work or reside in Georgia.[5]  The records and files relating to Plaintiff, including her personnel file and notes regarding her complaints, are located at VPC Brunswick. (Whitmore Decl. ¶¶ 11, 16; Compl. ¶¶ 19-20.)  Because virtually all known witnesses and proofs are located in Georgia, it is the more convenient forum in which to litigate this case.

### b. *Compulsory process*

Compulsory process over non-party witnesses has been referred to as the single most important factor in a 1404(a) analysis. See Teleconference Sys., 676 F. Supp. 2d at 333 (citing In re Genentech. Inc., 566 F.3d 1338 (Fed. Cir. 2009)); In re Consolidated Parlodel Litig., 22 F. Supp. 2d 320, 324 (D.N.J. 1998).  A forum's inability to reach non-party witnesses outside of this radius is therefore an important factor weighing in favor of transfer. See LG Elecs., Inc. v. First Int'l Computer, Inc., 138 F. Supp. 2d 574, 590-591 (D.N.J. 2001).

In this case, the ability to compel the attendance of witnesses in Georgia weighs strongly in favor of transfer.  Defendant identifies a number of witnesses that would not be subject to compulsory process in New Jersey. (Def.'s Reply 3-4.)  For example, Plaintiff's supervisors, Richard Gerhart and Rick Whitmore, are not corporate officers and may be considered non-parties residing or working in Georgia.[6]  It is entirely unclear whether this Court could compel their attendance at a proceeding in New Jersey. Moreover, there likely are other VPC Brunswick employees who are residents of Georgia

---

[5] Richard Gerhart, VPC Brunswick Supervisor of Operations, lives nearby in Florida. (Whitmore Decl. ¶ 13.)  Rick Whitmore, VPC Brunswick Manager, lives in Georgia. (Id. ¶ 14.) Charles Taylor III, the other witness named in Plaintiff's Complaint, is a former VPC Brunswick Shop Foreman and currently lives in Maryland.

[6] Richard Gerhart and Rick Whitmore presumably are subject to the subpoena power of the Southern District of Georgia. ( See n. 7.)

that are witnesses to the alleged discrimination.  The potential inability of this Court to compel the attendance of these Georgia witnesses is a factor that weighs <u>heavily</u> in favor of transfer.

     **2.**     **<u>Public Factors</u>**

The public factors also weigh in favor of transfer.  Georgia has a strong public interest in this case.  Plaintiff lives in Georgia.  VPC Brunswick is located in Georgia.  The alleged discriminatory conduct–insults, harassment and false accusations based on race– occurred in Georgia.  See <u>Delta Air Lines, Inc. v. Chimet, S.P.A.</u>, 619 F.3d 288, 300 (3d Cir. 2010) ("'In evaluating the public interest factors the district court must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum.'"(quotations omitted)).  By contrast, New Jersey has a minimal interest in hosting this matter.  The Plaintiff does not live in New Jersey and most of the acts giving rise to the dispute did not occur here.  See e.g., <u>Yocham v. Novartis Pharm. Corp.</u>, 736 F. Supp. 2d 875, 883 (D.N.J. 2010).  Therefore, Georgia has a much greater interest in the disposition of this case than does New Jersey.  See <u>Honeywell, Inc</u>., 817 F. Supp. at 486.

Furthermore, jury duty should not be imposed on citizens of New Jersey absent an identified public interest in this forum.  See <u>Ferens v. John Deere Co.</u>, 494 U.S. 516, 529-30 (1990)("Jury duty is a burden that ought not to be imposed upon the people of the community with no connection to the litigation.").  Finally, because most of the parties, witnesses and evidence to this action are located in Georgia, it would be more cost effective and economically judicious to proceed with the case there.

In sum, Georgia has a strong connection to this case.  This matter is best litigated in the forum where the unlawful acts allegedly occurred, where the Defendant maintains a workplace and where the Plaintiff resides and was employed.  Hence, the private and public interest factors demonstrate that the Southern District of Georgia is the most appropriate and convenient forum.

## **CONCLUSION**

For the reasons stated above, Defendant's motion to transfer (Docket Entry No.7) is **granted**. The Clerk's Office shall take no action on transfer of this case for 14 days. See L. Civ. R. 72.1(c)(1)(C).  A separate Order accompanies this Opinion.


    s/Mark Falk

**Dated: March 7, 2013**　　　　　　　**MARK FALK**
**United States Magistrate Judge**